**Jose Ricardo CHAVEZ–CORNEJO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

No. 06–73430.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2009.*

Filed June 9, 2009.

---

Bertram Polis, Esquire, Bertram Polis, PC, Tucson, AZ, for Petitioner.

Kathryn Deangelis, OIL, DOJ–U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOULD, RAWLINSON, Circuit Judges, and BEISTLINE,** District Judge.

**MEMORANDUM ***

The facts of this case and the procedural history are known to the parties. Petition-

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-

er seeks an order from this Court declaring him a national of the United States, arguing that he was unconstitutionally denied naturalization in 1960 when the former INS denied a petition filed on his behalf because his adoptive mother was not a United States citizen. He argues that a biological child born to the same parents would have been able to naturalize based on the status of one naturalized parent alone. The Court denies the petition.

## Standard of Review

Legal questions involving a claim to citizenship are reviewed de novo. *Hughes v. Ashcroft,* 255 F.3d 752, 755 (9th Cir.2001). An alien's argument against deportation based on an application of the Equal Protection Clause is also subject to de novo review. *Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287 (9th Cir.2004). Congress has "nearly plenary power to establish the qualifications for citizenship." *Barthelemy v. Ashcroft,* 329 F.3d 1062, 1065 (9th Cir. 2003). Therefore, the scope of judicial inquiry into immigration legislation is exceedingly narrow. The Supreme Court has emphasized that "over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." *United States v. Barajas–Guillen,* 632 F.2d 749, 752 (9th Cir. 1980) (citation omitted). Classifications among aliens made pursuant to the immigration laws "need only be supported by some rational basis to fulfill equal protection guarantees." *Id.* The Ninth Circuit has equated rational basis review with the finding of a "facially legitimate and bona fide reason" supporting the distinction

made by the statute. *Barthelemy,* 329 F.3d at 1065.

## Discussion

The parties do not dispute that citizenship is governed by the statute that is in effect at the time of the relevant events. *Minasyan v. Gonzales,* 401 F.3d 1069, 1075 (9th Cir.2005). At the time Petitioner was adopted and admitted to the United States as a lawful resident, he was not eligible for naturalization under 8 U.S.C. § 1434(a) (1960) because, at the time of his petition, only one of his adoptive parents was a United States citizen. The 1960 version of the law required that both parents of adopted children be U.S. citizens for the child to naturalize. There is no dispute that Petitioner met the other criteria of former section 1434.[2]

Petitioner's argument focuses on the disparate treatment of biological and adopted children under 8 U.S.C. §§ 1433 & 1434 (1960), which, read together, authorized a United States parent married to an alien spouse to petition for naturalization on behalf of the couple's biological child, but not an adopted child. This distinction, Petitioner argues, violated his equal protection rights, and was unconstitutional as applied to him.

To win an equal protection challenge, a petitioner must show that the classification is "wholly irrational." *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163 (9th Cir.2002). "Line-drawing" decisions made by Congress in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose. *Id.* at 1164. Challengers have the burden to negate "every conceivable basis" which might sup-

---

ed by Ninth Circuit Rule 36–3.

**2.** Petitioner's Opening Brief repeatedly refers to "section 1432." It appears this was a typographical error. The government's brief focuses on former sections 1433 and 1434,

but also touches on sections 1431 and 1432. Both sections 1431 and 1432 precluded adopted children from automatic naturalization.

port a legislative classification, whether or not the basis has a foundation in the record. *Id.*

This Court has previously found that a statute providing automatic citizenship to children born abroad of alien parents only after the naturalization of both biological parents was supported by a "facially legitimate and bona fide reason," specifically, the protection of parental rights. The Court noted that "[i]f United States citizenship were conferred to a child where one parent naturalized, but the other parent remained an alien, the alien's parental rights could be effectively extinguished." *Barthelemy,* 329 F.3d at 1066. A similar rationale is applicable here. Congress had a legitimate interest in preventing fraudulent procurement of citizenship for children adopted by one citizen parent and one alien parent. Congress rationally could have concluded that adopted children born abroad lacked a close and permanent connection to the United States, unless both adoptive parents were United States citizens, either by birth or naturalization. Alternatively, legislative distinction in former sections 1433 and 1434 could have been intended to avoid fraudulent adoptions in foreign courts to confer citizenship in this country. The Court finds that the distinction in the immigration laws that provided citizenship for biological children of a United States citizen and an alien resident, but not the adopted children of those parents, survives rational basis scrutiny, and does not violate equal protection.

Finally, Petitioner argues that the former statute violated equal protection as applied to him. But the specifics of Petitioner's situation are not relevant to the inquiry. "A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." *Heller v. Doe,* 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (citation and internal quotation marks omitted).

## CONCLUSION

Petitioner's equal protection argument fails. The petition for review is DENIED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.